**Arlan G. REYNOLDSON,**
**Plaintiff–Appellant,**

v.

**Duane SHILLINGER,**
**Defendant–Appellee.**

No. 90–8002.

United States Court of Appeals,
Tenth Circuit.

June 28, 1990.

Arlan G. Reynoldson, pro se.

Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.

SEYMOUR, Circuit Judge.

Pro se prisoner Arlan G. Reynoldson appeals the district court's dismissal with prejudice of his complaint for injunctive relief against the Warden of the Wyoming State Penitentiary under 42 U.S.C. § 1983 for alleged due process violations.[1] The alleged violations arose from the placement of inmates into an "adjustment block" of the Wyoming State Penitentiary without a due process hearing, and from denial of access to personal possessions without a hearing. The district court also denied leave to proceed in forma pauperis and plaintiff's motion to so proceed on appeal is

before us. We grant the in forma pauperis petition and reverse.

The record below does not contain a responsive pleading from the Warden or a motion to dismiss. The record also contains no indication that plaintiff was notified of the impending dismissal of his complaint. Instead the district court apparently dismissed the complaint with prejudice sua sponte for plaintiff's failure to allege that he *himself* was wronged. The court construed the complaint as referring only to "inmates" in general who have been subjected to the alleged illegal treatment. The court also relied on the alternative ground that plaintiff's allegations were overly broad and conclusory.

■ We agree with the district court's ruling that, to the extent a complaint concerns "inmates" rather than the plaintiff himself, it is dismissable for failure to allege the plaintiff's standing to proceed. *See Foremaster v. City of St. George*, 882 F.2d 1485, 1487 (10th Cir.1989) (plaintiff must establish personal stake in outcome). We believe, however, that a broad reading of the complaint in this case supports a conclusion that plaintiff did allege that he himself was put into the special block without due process. In response to the query on the section 1983 complaint form concerning whether administrative relief was sought, plaintiff stated that, "*I* have filed a grievance concerning this, others have also." Rec., Civil Rights Complaint, at 5 (emphasis added). A common sense reading of this statement indicates that plaintiff was among those who sought administrative redress for being segregated in the manner alleged. Our permissive interpretation accords with the well-settled principle that pro se prisoner complaints must be construed liberally. *See Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir.1988) (pro se complaints held " 'to less stringent standards than formal pleadings drafted by lawyers' ") (quoting *Hughes v. Rowe*, 449

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.

App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam)).

■ We have even greater difficulty seeing why, in light of the permissive standard accorded pro se prisoner pleadings, the district court dismissed the complaint *with* prejudice. "[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, Civil 2d § 1483 (West 1990). Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable. *See Guerrero v. Hauck*, 502 F.2d 579, 580 (5th Cir.1974) (dismissal of pro se prisoner complaint with prejudice constituted reversible error when defects might have been cured by amendment). Indeed, we have extended to pro se plaintiffs an opportunity to remedy defects potentially attributable to their ignorance of federal law and motion practice both in a summary judgment and in a Fed.R.Civ.P. 12(b)(6) context. *See Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir.1985) ("The district court abused its discretion by failing to give [the pro se plaintiff] 'a meaningful opportunity to remedy the obvious defects in his summary judgment materials.'") (quoting *Barker v. Norman*, 651 F.2d 1107, 1128–29 (5th Cir. 1981)); *Cooper v. United States Penitentiary*, 433 F.2d 596, 597 (10th Cir.1970) (per curiam) (dismissal of pro se prisoner complaint for failure to allege exhaustion of administrative remedies under FTCA error where plaintiff not given opportunity to meet asserted deficiency in pleading). *Cf. Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987) (before dismissing a pro se action, court should make certain that other less drastic alternatives not available); *Remmers v. Brewer*, 475 F.2d 52, 53 (8th Cir. 1973) (per curiam) (opportunity to respond is prerequisite to dismissal in civil case).

The record in the present case suggests that plaintiff was initially unaware of the crucial distinction between his references to "inmates" and a specific reference to himself. In his Motion For Leave To Proceed On Appeal Without Prepayment of Costs or Fees at 2, now apprised of the significance of the omission by the district court's order of dismissal, plaintiff avers that he "was in fact on this ['adjustment'] block and being subjected to the conditions complained of." The purpose of the Federal Rules of Civil Procedure is to encourage final dispositions on the merits. *Cf. Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading"). Accordingly, we hold that the district court erred in dismissing plaintiff's complaint with prejudice.

■ We also take issue with the district court's alternative ground for dismissal with prejudice on the basis of the vagueness of the factual allegations. Plaintiff alleges that without any due process hearing, inmates new to the facility or just coming out of segregation are placed in a special cellblock where privileges granted to the general prison population are denied. While it is true that plaintiff does not allege the existence of a statute or prison regulation implicating a liberty interest, *see Hewitt v. Helms*, 459 U.S. 460, 467–68, 103 S.Ct. 864, 869–70, 74 L.Ed.2d 675 (1983) (no liberty interest in freedom from confinement in administrative segregation in absence of statutes or prison regulation creating such interest); *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir.1987) (per curiam) (same), pro se prisoner complaints are not held to such specific standards at the preliminary pleading stage. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (pro se complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'") (quoting *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam)). *See also Meade*, 841 F.2d at 1526. Plaintiff

should be given the opportunity to allege in an amended complaint a protected liberty interest by virtue of an internal regulation or other procedure, the existence or significance of which now escapes him.

█ Plaintiff has alleged deprivations of liberty and property which, upon further investigation and development, could raise substantial issues. We therefore grant leave to proceed in forma pauperis on appeal. *See Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989) (complaint dismissable under Rule 12(b)(6) not automatically "frivolous" within meaning of 28 U.S.C. § 1915(d)); *Coppedge v. United States,* 369 U.S. 438, 446, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962) (denial appropriate only when complaint clearly frivolous). We hold that the district court erred in attaching prejudice to the dismissal. The case is reversed and remanded with instructions that the dismissal be without prejudice to plaintiff's filing an amended complaint.

Michael F. Scott of Scott & Barrera, Denver, Colo., for defendant-appellant.

James P. Moran, Asst. U.S. Atty. (Michael J. Norton, Acting U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before LOGAN, BARRETT, and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.