930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Deronda Charles KIGHT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-7034.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 We grant the appellant's application to proceed in forma pauperis.
 
 FACTS
 
 3
 The appellant, Deronda Charles Kight, appeals from the District Court's dismissal of his 28 U.S.C. Sec. 2255 habeas petition. The appellant pled guilty to a charge of mail fraud and received a sentence of three years by the United States District Court for the Eastern District of Oklahoma. The three year sentence was to be served consecutively to a fifteen year sentence Kight was serving for an earlier robbery conviction to which he had pled guilty on September 27, 1987 in the United States District Court for the Western District of Oklahoma. Kight argues that he was indicted for the mail fraud charge in violation of an agreement reached between Kight and the United States. Kight alleges that he agreed to plead guilty to the robbery charge and that he proffered his assistance to the United States to assist in obtaining a mail fraud conviction against his co-conspirators in exchange for the United States' promise not to file charges against him relating to the mail fraud crime.
 
 
 4
 Kight raises three basic issues for this court to consider: (1) was the United States' efforts to seek a conviction for his participation in the mail fraud scheme and was his consecutive three year sentence for mail fraud in violation of the purported plea agreement between the defendant and the United States; (2) did the court below erroneously refuse to provide alleged "Brady Material" to him; and (3) was the advice he received from his attorney relating to his decision to plead guilty to the mail fraud charge so deficient as to have denied him right to counsel?
 
 DISCUSSION
 
 5
 We have scrutinized the record and are convinced that Kight did not raise his "breach of agreement" argument in the court below. Therefore, we will not consider this issue. See Chase v. Crisp, 523 F.2d 595, 596 (10th Cir.1975), cert. denied, 424 U.S. 497 (1976).
 
 
 6
 Likewise, we decline to review Kight's ineffective assistance of counsel claim. On appeal, Kight argues that his attorney did not adequately represent him when the attorney advised Kight to plead guilty because he failed to disclose the possibility that Kight might get a consecutive sentence on the mail fraud count.[1] However, before the district court, Kight's ineffective assistance of counsel claim was premised on counsel's alleged failure to request adequate time to review the presentence report and counsel's alleged failures in connection with a Fed.R.Crim.P. 35(b) motion. Nowhere in the district court did Kight complain that his attorney failed to assert his rights under the alleged plea agreement. Thus, we decline to review this claim. Chase v. Crisp, 523 F.2d at 596.
 
 
 7
 Finally, with regard to Kight's claim that he has been denied access to relevant "Brady Material" there is no indication that he raised that issue before the district court or that he obtained a ruling from the district court prior to taking this appeal. We note that after Kight filed his notice of appeal, he filed a motion with the district court entitled "Writ of Habeas Corpus Motion to Compel Transcripts of Hearings." Our records indicate that the district court has not ruled on this motion, as indeed it could not during the pendency of this appeal. Thus, we decline to review this issue as well.
 
 
 8
 Other issues that are arguably alluded to in Kight's brief on appeal relate to Rule 11 and the failure to give him a Miranda warning. These issues are so inadequately developed that we cannot consider them even if they had been raised below. However, once again, our review of the record below indicates that they were not raised there, and thus, we decline to consider those issues on appeal.
 
 
 9
 Therefore, for the foregoing reasons we AFFIRM the order of the District Court denying Kight's motion for relief under 28 U.S.C. Sec. 2255. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We are not entirely convinced that Kight is actually raising an ineffective assistance of counsel claim on this appeal. We will, however, liberally construe his appeal as raising this issue. See Reynoldson v. Shillinger, 907 F.2d 124, 125-26 (10th Cir.1990)