69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Christopher WHITE, Plaintiff-Appellant,
v.
ADAMS COUNTY DETENTION FACILITY and Sheriff Camp,
Defendants-Appellees.
 No. 95-1093.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff David Christopher White brings this action pursuant to 42 U.S.C.1983 alleging that the Defendants, Sheriff Camp and the Adams County Detention Facility, violated his Fifth, Sixth, and Fourteenth Amendment rights during his incarceration. He challenges the confiscation of his personal telephone book and the Adams County Detention Facility's policy regarding prisoners' contact with attorneys.
 
 
 3
 The district court dismissed Mr. White's complaint as frivolous under 28 U.S.C.1915(d). The court concluded that the Adams County Detention Facility was entitled to Eleventh Amendment immunity "as a division of the state." Rec. doc. 4, at 3. As to Sheriff Camp, the court observed that Mr. White's complaint did not set forth any factual allegations of personal participation in the alleged violations. Id. at 2.
 
 
 4
 We review the determination of frivolousness under Section 1915(d) for an abuse of discretion. Fratus v. Deland, 49 F.3d 673, 674 (10th Cir.1995). "A district court may deem an in forma pauperis complaint frivolous only if it lacks an arguable basis either in law or in fact.' " Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).
 
 
 5
 With regard to the dismissal of Mr. White's claims against the Adams County Detention Facility, we conclude that the district court abused its discretion. The Eleventh Amendment grants immunity to entities "created by state governments that operate as alter egos or instrumentalities of the states." Mascheroni v. Board of Regents of Univ. of Cal., 28 F.3d 1554, 1559 (10th Cir.1994) (quoting Alex E. Rogers, Note, Clothing State Governmental Entities with Sovereign Immunity: Disarray in the Eleventh Amendment Arm-of-the-State Doctrine, 92 Colum. L.Rev. 1243, 1243 (1992)). "Under the arm-of-the-state doctrine, courts classify state governmental bodies according to a dichotomy, in which arms of the state enjoy Eleventh Amendment immunity, whereas political subdivisions such as counties and cities do not." Id. (emphasis added); see also Meade v. Grubbs, 841 F.2d 1512, 1529 n. 17 ("Eleventh Amendment immunity extends only to state officials, and does not protect county or local officials.") (emphasis in original); Wiggins v. McKee, 809 P.2d 999, 1003 (Colo.App.1990) (concluding that under Colorado law, a county "is not the alter ego of the state for Eleventh Amendment purposes"). In order to determine whether a particular entity is an arm of the state, one must examine a variety of factors, including "the state law characterization of the entity, the guidance and control that the state exercises over the entity, the degree of state funding the entity receives, and whether the state has empowered the entity to issue bonds and levy taxes." Mascheroni, 28 F.3d at 1559 (citing Ambus v. Granite Bd. of Educ., 995 F.2d 992, 994 (10th Cir.1993) (en banc)).
 
 
 6
 Here, Mr. White's complaint alleges that the Adams County Detention Facility is "a county and or a state funded facility." Rec. doc. 3, at 1. In light of the liberal construction that we must afford pro se pleadings, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991), we conclude that Mr. White's complaint sufficiently alleges that the Adams County Detention Facility is a county entity that is not an arm of the state and that is therefore not entitled to Eleventh Amendment immunity.[2]
 
 
 7
 As to the claims against Sheriff Camp, the district court properly concluded that Mr. White's complaint did not allege the required personal participation. See Bennet v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976). However, we note that on appeal to this court, Mr. White has filed a motion seeking to amend his complaint to allege that Sheriff Camp is responsible for enforcing the allegedly unconstitutional policies. "[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.' " Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir.1990) (quoting 6 Charles A. Wright, et al., Federal Practice and Procedure: Civil 2d 1483 (1990)). This is particularly true when the court orders dismissal of a pro se litigant's claims. Id. See also Roman-Nose v. New Mexico Dep't. of Human Services, 967 F.2d 435, 438 (10th Cir.1987) (reversing order of dismissal and stating that "[P]laintiff should be given the opportunity to amend her complaint."). In light of the improper dismissal of the claims against the Adams County Detention Facility, we conclude that Mr. White should be allowed to amend his complaint to allege personal participation by Sheriff Camp in the allegedly unconstitutional policies.[3]
 
 
 8
 Accordingly, the decision of the district court is REVERSED and REMANDED for proceedings consistent with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Although it is possible that the Adams County Detention Facility is in fact an arm of the state, that determination depends on a variety of factors as to which there is no evidence in the record before us. See Ambus, 995 F.2d at 994. Our ruling does not foreclose consideration of this issue by means of a properly supported motion for summary judgment
 
 
 [3]
 Mr. White has also filed a motion with this court seeking to add several defendants and to amend the relief sought in his complaint. We leave these matters for disposition by the district court in a manner consistent with the liberal amendment policy governing pro se pleadings