64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Peter DARBY, Plaintiff-Appellant,
v.
SPRINT TELEPHONE COMMUNICATIONS COMPANY, Defendant-Appellee.
 No. 95-1084.
(D.C.No. 95-S-95)
 United States Court of Appeals, Tenth Circuit.
 Aug. 17, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 MONROE G. McKAY, Circuit Judge.
 
 
 1
 After examining Plaintiff-Appellant's brief and the appellate record,[2] this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Darby, currently serving a forty-month sentence for communicating a threat in interstate commerce in violation of 18 U.S.C. 875(c), appeals the dismissal under 28 U.S.C.1915(d) of his lawsuit against Sprint. Mr. Darby seeks redress from Sprint for damages allegedly caused by Sprint's operation of an IRS "1-800" help number. After receiving notice that he owed the IRS a substantial sum of money, Mr. Darby had dialed the help number and unknowingly reached an IRS agent in another state. While on the phone with the agent, Mr. Darby became enraged and uttered the menacing words that led to his conviction. Subsequently realizing that he could not have been convicted had Sprint not transmitted his call across state lines, Mr. Darby placed the blame for his incarceration squarely upon the long distance company and sued Sprint for somewhat more than 750 million dollars. The district court sua sponte dismissed the action as frivolous within the meaning of 1915(d).
 
 
 3
 We affirm for substantially the reasons given by the district court. Mr. Darby contends that Sprint has discriminated against him in violation of 47 U.S.C. 202(a) and the Equal Protection Clause (as incorporated into the Fifth Amendment). Even construing Mr. Darby's pro se complaint liberally, however, we discern neither a legal nor a factual reason to attribute liability to Sprint. It is true that Mr. Darby's threats were subject to severe punishment only because they were communicated across state lines. Sprint, however, did not create this distinction; rather, it is the law itself that gives rise to the unequal treatment of which Mr. Darby complains. We likewise fail to see how Sprint, which connected Mr. Darby's call much as it would any other call, discriminated against or disadvantaged him in the provision of communication services.[3] Again, it is the law that identifies culpable conduct, and Mr. Darby has only himself to blame for acting in contravention of that law.
 
 
 4
 Mr. Darby alternatively contends that the district court abused its discretion in failing to provide him with an opportunity to amend his complaint before dismissal. It is true that both Rule 15(a) and the liberal construction given pro se complaints militate in support of the permissive amendment of causes of action. See, e.g., Reynoldson v. Shillinger, 907 F.2d 124, 125-26 (10th Cir.1990); Roman-nose, 967 F.2d at 438; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). A district court may nonetheless dismiss a case sua sponte if it is plain that a pro se litigant cannot possibly amend the complaint to state a valid cause of action. See Reynoldson, 907 F.2d at 126; see also Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Given these facts, we cannot say that the district court abused its discretion in ruling as it did.[4]
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant-Appellee did not file a brief in this case
 
 
 [3]
 Mr. Darby has, in any event, failed to allege facts that would establish state action sufficient to sustain an equal protection claim. While this flaw would not necessarily justify the dismissal of a pro se complaint, compare Roman-nose v. New Mexico Dep't of Human Servs., 967 F.2d 435, 438 (10th Cir.1992), it seems unlikely that Mr. Darby could prove that Sprint was in fact a state actor. See, e.g., West v. Atkins, 487 U.S. 42, 49 (1988) (analyzing state action requirement in Fourteenth Amendment and 1983 cases)
 
 
 [4]
 We grant Mr. Darby's petition for leave to proceed in forma pauperis on appeal