70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David C. WHITE, Plaintiff-Appellant,
v.
Kevin ELDRIDGE and Charles Costigan, Defendants-Appellees.
 NO. 95-1212.
 D.C. No. 95-S-641.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant David C. White appeals the sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C.1983.[2] The complaint, filed pro se and in forma pauperis, alleged that Officer Kevin Eldridge and Detective Charles Costigan, both of the Westminster Police Department, violated White's constitutional rights under the Fourteenth Amendment.
 
 
 3
 White alleged that he was searched by an officer after a traffic stop and arrested because drugs were found in the car. His property was searched and placed in a bag, and he was taken to the Westminster police station. At the police station, Appellee Eldridge found a bag with methamphetamine residue in the White's wallet. White alleges that the wallet had been previously searched by an "R. L. Johnston" and no drugs had been found. He therefore claims that Eldridge "planted fictitious evidence."
 
 
 4
 White further argues that Appellee Costigan, who conducted his custodial interrogation, falsely stated that appellant had admitted to buying drugs from an individual whom Costigan was investigating at that time; the fabricated admission was to be used to secure convictions of both White and the target of the investigation. Finally, White argues that the defendants mishandled plastic bags containing the suspected drugs, thus contaminating evidence which he claims is exculpatory. White sued for monetary damages from each defendant, for Costigan to withdraw the allegedly fictitious statement and for Eldridge to withdraw the allegedly fictitious evidence. The complaint was filed on March 21, 1995; state criminal proceedings stemming from the arrest were scheduled to begin on May 15, 1995.
 
 
 5
 The district court dismissed the complaint as legally frivolous pursuant to 28 U.S.C.1915(d). The court found White's complaint to be factually frivolous, see Neitzke v. Williams, 490 U.S. 319, 324 (1989); Denton v. Hernandez, 504 U.S. 25, 32 (1992). The court also appeared to rely on the doctrine of Younger abstention, which provides that a federal court is generally prohibited from interfering with ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 45 (1971).
 
 
 6
 We review a district court's dismissal of a complaint as frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 7
 We find that the facts alleged in White's complaint do not "rise to the level of the irrational or the wholly incredible" so as to render them frivolous. Denton, 504 U.S. at 33. However improbable it may seem that the defendants acted in the manner charged, "[a]n in forma pauperis complaint may not be dismissed ... simply because the court finds the plaintiff's allegations unlikely." Id. Although White's complaint fails to indicate that he can present evidence to support his allegations, "[p]lausible factual allegations are not frivolous under section 1915(d) even if they lack evidentiary support." Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir.1994). We cannot say that these allegations of police misconduct, specific as they are as to both acts and actors, are so "fantastic or delusional" that the defendants should not be required to answer. Neitzke v. Williams, 490 U.S. 319, 328 (1989).
 
 
 8
 We agree with the district court, however, that this case implicates the Younger abstention doctrine and that White has alleged no "extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate," Phelps v. Hamilton, 59 F.3d 1058, 1064 (10th Cir.1995), such that federal interference with a pending state criminal prosecution would be appropriate. White's equitable claims were properly dismissed because the relief sought--the withdrawal of the statements and evidence at issue--cannot be granted without disrupting the state criminal proceedings and the claims can be considered in the context of the criminal proceeding itself and subsequently on appeal or collateral proceedings.[3]
 
 
 9
 As to White's claim for monetary damages, we note that ordinarily, a district court perceiving a Younger concern should stay rather than dismiss a claim for monetary relief that cannot be redressed in the pending state court proceeding. See Deakins v. Monaghan, 484 U.S. 193, 202 (1988). However, the injury for which White seeks damages appears to be his imprisonment and trial. If White is convicted in state court, no action will lie under section 1983 to recover for damages "caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the conviction is successfully challenged via some other means. Heck v. Humphrey, 114 S.Ct. 2364, 2372--73 and n. 7 (1994). We therefore find that, in light of this uncertainty, dismissal of the damages claim was appropriate.
 
 
 10
 Finally, we note that the district court did not specify whether the complaint was dismissed with or without prejudice. Generally, an involuntary dismissal for reasons other than jurisdiction, venue or joinder operates as an adjudication on the merits. Fed.R.Civ.P. 41(b). However, the Supreme Court has observed that "a 1915(d) dismissal is not a dismissal on the merits" Denton v. Hernandez, 504 U.S. 25, 34 (1992). Similarly, "it is not appropriate to address the merits in a case to which Younger applies." Greening v. Moran, 953 F.2d 301, 304 (7th Cir.), cert. denied, 113 S.Ct. 77 (1992). We have expressed our preference that petitions filed pro se and in forma pauperis be dismissed without prejudice. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir.1990). In light of this preference, and absent any apparent intention by the district court that the dismissal be with prejudice, we assume that the dismissal below was without prejudice. Thus, depending on the outcome of White's state proceedings, petitioner may, upon their conclusion, be able to recommence his damages action in forma pauperis.
 
 
 11
 Accordingly, we AFFIRM the order of the district court dismissing appellant's claim. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court denied Appellant's motion to proceed in forma pauperis, but we grant it on appeal pursuant to 28 U.S.C.1915(a)
 
 
 [3]
 The status of the state court proceeding is unclear from the record on appeal. For the reasons stated, however, the current status is irrelevant to our disposition of this issue