**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM ELEFANT,

      Plaintiff-Appellant,

v.

METROPOLITAN STATE COLLEGE
OF DENVER,

      Defendant-Appellee.

No. 99-1467
(D.C. No. 97-WM-2728)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

William Elefant appeals from the dismissal with prejudice of his complaint against Metropolitan State College of Denver ("Metropolitan") for discrimination. Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse.

I.

Mr. Elefant, appearing pro se, filed his complaint alleging age and sex discrimination on December 26, 1996. On January 26, 1997, Metropolitan specially appeared and moved to dismiss the complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5). Specifically, Metropolitan alleged that it "is not a legal entity capable of suit," citing Colo. Rev. Stat. § 23-50-101, which places Metropolitan under the control of the trustees of the state colleges in Colorado ("trustees") and empowers the trustees to be a party to all suits and contracts of the denominated colleges. *See* Appellant's App. at 10. Because Mr. Elefant had not served the trustees, Metropolitan further alleged lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.

In his response to the motion to dismiss, Mr. Elefant argued that section 23-50-101 did not provide that Metropolitan was not amenable to suit, citing a Colorado federal district court case denying a similar motion. He requested the court deny the motion to dismiss and allow him to proceed with the prosecution of his claims, stating that "[i]f the Court finds that the service of

process must be made on any person" other than the person served, he would do so. *Id.* at 21. Metropolitan later amended its motion to request dismissal without prejudice. The magistrate judge to whom the motion was referred recommended denying the motion to dismiss, noting that the authority offered by Metropolitan was "not particularly enlightening," and that the federal courts had determined that Metropolitan is a statutory employer for Title VII purposes. *Id.* at 32. Because the magistrate judge was "unable to find any authority which requires that the board of trustees be substituted for [Metropolitan] as defendant in this action," he concluded that Mr. Elefant could properly maintain his Title VII and ADEA claims against the college. *Id.* at 32-33.

The district court disagreed, concluding that Metropolitan was not an entity capable of being sued because "[n]owhere in the statutes is [Metropolitan] given distinct legal status, recognized as an official state agency, or . . . given any authority to sue or be sued." *Id.* at 56-58. Citing *Roberts v. State Board of Agriculture*, 998 F.2d 824, 826 & n.1 (10th Cir. 1993), the court dismissed the suit with prejudice. In his motion for reconsideration, Mr. Elefant, *inter alia*, (1) brought to the court's attention the fact that Metropolitan had amended its motion to one for dismissal without prejudice; (2) asked the court to allow him to add the trustees as defendants and serve them within a reasonable period of time instead of dismissing the complaint; and (3) demonstrated to the court that

Metropolitan had, as sole plaintiff and in its own name, brought suit in the courts, which indicated it is a legal entity capable of suing and being sued. *See* Appellant's App. at 60-61, 66. The district court denied the motion for reconsideration without further analysis. *See id.* at 85.

II.

On appeal, Mr. Elefant alleges both substantive and procedural error. That is, he asserts that the district court erred in concluding that Metropolitan is not an entity amenable to suit and that the court also erred by dismissing the complaint instead of allowing him to amend to add the trustees as a party. Significantly, Metropolitan does not address Mr. Elefant's substantive argument that his case is distinguishable from *Roberts* and the other case authority relied on by the district court because the legislature has granted the trustees authority to delegate their power over college personnel matters, including the power to contract and appoint and terminate professors, to the chief executive officer of the college and, in turn, to whomever the chief executive officer delegates. *See* Colo. Rev. Stat. § 23-5-117 (1999). Mr. Elefant implicitly argues that, by empowering the delegation of the trustees' authority to contract to Metropolitan officials, the legislature has also necessarily endowed Metropolitan with the right to sue and be sued on those employment contracts. Mr. Elefant's argument is not without support. *Cf. United Mine Workers of Am. v. Coronado Coal Co.*, 259 U.S. 344,

-4-

390-91 (1922) (stating that equitable considerations also control whether an unincorporated entity may be sued in its own name; noting that statutes created a "self-acting body with great funds to accomplish their purpose," and that the union was capable of committing torts; and holding that unincorporated labor union was therefore suable in tort); *Clark v. Grand Lodge of Bhd. of R.R. Trainmen*, 43 S.W.2d 404, 409 (Mo. 1931) (noting that even though unincorporated association had no express statutory right to sue, statutes that authorized it to make insurance contracts by necessary implication also granted it legal capacity to be sued on those contracts). The ramifications of concluding that a college is or is not a legal entity capable of suing or being sued are serious and long-reaching. Because we reverse on other grounds, we postpone resolution of the issue to a case in which it has been thoroughly briefed.

In regard to Mr. Elefant's procedural argument, Metropolitan implies that dismissal was his fault because he had plenty of time to amend but did not. *See* Appellee's Br. at 17. We disagree. Clearly, Mr. Elefant was awaiting the court's permission to amend his complaint to add and serve the trustees. The grant of leave to amend the pleadings is within the discretion of the trial court, *see Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992), but "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a). Refusing leave to amend is generally justified only upon a showing of "undue delay, bad faith or dilatory

-5-

motive, . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The district court gave no reason for denying Mr. Elefant's request for leave to amend, and there is nothing in the record justifying the denial. Our concept of justice requires allowing a pro se plaintiff to timely amend to add a proper party when there is no prejudice to the opposing parties. Further, our rule requiring courts to liberally construe pro se pleadings and hold them to less stringent standard than formal pleadings drafted by lawyers applies to all proceedings involving pro se litigants. *See Hall v. Bellmon*, 935 F.2d 1106, 110 & n.4 (10th Cir. 1991); *see also Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (noting that pro se plaintiffs are often unaware of technical pleading requirements and stating that if "'it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading . . . , the court should dismiss with leave to amend'"). The district court abused its discretion in denying Mr. Elefant's request to amend and in dismissing his complaint with prejudice.

The judgment of the United States District Court for the District of Colorado is REVERSED and the case REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court


Deanell Reece Tacha
Circuit Judge