F I L E D
**United States Court of Appeals
Tenth Circuit**

**FEB 3 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DOYLE MICHAEL SANDERS,

      Plaintiff - Appellant,

v.

HOUSTON YEAGER,

      Defendant - Appellee.

No. 01-7159
D.C. No. 01-CV-100-P
(E.D. Oklahoma)

---

ORDER AND JUDGMENT   *

---

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

  *    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Doyle Michael Sanders, proceeding pro se, appeals from the grant of summary judgment in favor of defendant in this civil rights suit brought under 42 U.S.C. § 1983. Plaintiff, formerly a prisoner in the Hughes County, Oklahoma jail, sued defendant Houston Yeager, Hughes County Sheriff, alleging that his rights were violated by a lack of medical care, by interference with his mail, and by the unsafe and unsanitary conditions of his confinement. On cross-motions for summary judgment, the district court ruled in favor of defendant, denying plaintiff's motion without discussion.

On appeal, plaintiff argues that the district court should not have granted summary judgment for defendant because there are disputed issues of material fact to be tried. He does not assert that his own motion for summary judgment should have been granted.

We review the grant of summary judgment de novo, applying the same standard the district court applied under Fed. R. Civ. P. 56(c). O'Toole v. Northrop Grumman Corp., 305 F.3d 1222, 1225 (10th Cir. 2002). A summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c). Because plaintiff appears pro se, his

pleadings must be read liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

The district court properly granted judgment to defendant on plaintiff's Eighth Amendment claim alleging the delay and denial of medical care and we affirm on that point for the reasons stated by the district court. The district court also properly held that because plaintiff was transferred away from the Hughes County jail, his claims for injunctive relief regarding his mail and the conditions at the jail are moot.

The only question in this appeal is whether plaintiff has a surviving claim for damages. In his complaint, plaintiff sought only injunctive relief. See R., doc. 1, at 6. He never formally sought to amend his complaint to add a claim for damages. However, in his motion for summary judgment, plaintiff "request[s] this court to grant his summary judgment as to Defendant[']s liability for damages." Id., doc. 24, at 1. In addition, the document labeled "affidavit"[1] attached to plaintiff's motion for summary judgment states that he "seeks compensation damages of $1,000 a day compensation [sic] for pain, agony and degrading conditions he was and is forced to suffer" and "punitive damages against Defendant in the amount of $200,000." Id., att. 1, at 3.

---

[1] The document is neither sworn nor is plaintiff's signature attested, so it is not a proper affidavit. See United States v. Berisford, 750 F.2d 57, 58 (10th Cir. 1984) (per curiam).

Under Fed. R. Civ. P. 8(f), "[a]ll pleadings shall be so construed as to do substantial justice." Thus, the caption on a pleading does not constrain the court's treatment of a pleading. N. Alamo Water Supply Corp. v. City of San Juan, Tex., 90 F.3d 910, 918 (5th Cir. 1996); Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981). Our question is therefore whether the district court should have given the plaintiff an opportunity to amend his complaint to add claims for compensatory and punitive damages before entering summary judgment against him.

We believe the court should have done so. Plaintiff prayed for relief in the form of a judgment against defendant for damages, and identified both the kind and amount of damages he sought. See R., doc. 24, at 1, att. 1, at 3. The court, in responding to these summary judgment orders, had to consider all the record before it, and thus was on notice of the plaintiff's intention to seek damages. The lack of a formal motion is not sufficient ground for the district court to grant summary judgment without leave to amend, since plaintiff here made clear his willingness to amend. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). Our holding in this regard is consistent with the majority of the other circuit courts. See e.g. Grayson v. Mayview State Hosp., 293 F.3d 103, 109 & n.9 (3d Cir. 2002) (holding that the district court should have informed pro se plaintiff of his right to amend after defendant filed motion to dismiss).

Under Rule 15(a), a party may amend his complaint once as a matter of course before the defendant files a responsive pleading, and may amend his complaint with the court's permission after that. Even where the court's permission is required, leave to amend "shall be freely given when justice so requires." Id. And, the court should ordinarily allow amendment if, by doing so, plaintiff can cure the defect. See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir.), cert. denied, 122 S. Ct. 274 (2001); Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990); Triplett v. LeFlore County, Okla., 712 F.2d 444, 446 (10th Cir. 1983). Thus, we first must determine whether plaintiff's allegations are sufficient to state a claim for compensatory or punitive damages.

We conclude that plaintiff's allegations, as a whole, suggest that he likely will be able to plead a claim for compensatory damages and punitive damages if given a chance to file an amended complaint. Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see Searles v. Van Bebber, 251 F.3d 869, 875-77 (10th Cir. 2001), cert. denied, 122 S. Ct. 2356 (2002). However, "punitive damages may be recovered for constitutional violations without a showing of compensable injury." Searles, 251 F.3d at 880. To obtain punitive damages under 42 U.S.C. § 1983, plaintiff must

show that defendant's conduct was "'motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others.' Whether the evidence was sufficient is a question of law which we review de novo." Id. at 879 (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)).

Plaintiff asserted in his opposition to defendant's motion for summary judgment that he was physically injured when he slipped in a pool of water on the floor. See R., doc. 23, at 2. Plaintiff also asserts that defendant allows "sewage from [the] toilet leaving a constant pool of stinking water in the floor," id., doc. 1, at 7, keeps plaintiff locked up twenty-four hours a day without sunshine, television, radio, newspapers, magazines, a commissary, or use of the telephone, see id. at 2, and intercepts and opens plaintiff's legal mail, see id. at 3, 7.

We remand for the district court to allow plaintiff the opportunity to amend his complaint to add claims for compensatory and punitive damages. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED in part and REVERSED in part, and the case is REMANDED for further proceedings. Plaintiff is reminded that he remains obligated to continue making payments toward the appellate filing fee until it is paid in full. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge

-6-

**01-7159,** *Sanders v. Yeager*

**O'BRIEN**, Circuit Judge, concurring and dissenting.

I agree that, for the reasons clearly stated by the district court, summary judgment was properly entered against Mr. Sanders on his claims for delay and denial of medical care and his claims for injunctive relief. I also agree the only remaining question is whether he has surviving claims for damages. Unlike the majority, I would demand that to pass muster his claims need be clearly stated or at least readily ascertainable, based upon sound legal theory, and supported by the record. In his complaint he asked only for injunctive relief and he never sought, directly or in any other reasonably identifiable way, to amend his complaint to add damage claims. Understandably the district court concluded: "A review of the record indicates plaintiff is seeking only injunctive relief in this action and has requested no compensatory or punitive damages."

Accommodating him too much, the majority points, selectively, to part of his motion for summary judgment as providing sufficient notice of his true, but late blooming and imprecise, causes of action. Troubling is that his motion for summary judgment, here produced less selectively, "request[s] this court to grant his summary judgment as to Defendant[']s liability for damages alledging [sic] illegal and unlawfull [sic]; (1) opening of legal mail, delaying and detaining mail. (2) Unsafe and unsainitary [sic] Housing (3) Lack of Medical care. (4) See Plaintiffs brief and affidavit in support." Those issues were all, properly by our

review, resolved against him.  It is difficult to hang much more on those bare bones.  But, because an "affidavit" attached to Mr. Sanders' motion (which the majority concedes was improper (majority opinion, p. 3 n.1)) states that he "seeks compensation damages of $1,000 a day compensation [sic] for pain, agony and degrading conditions he was and is forced to suffer" and "punitive damages against Defendant in the amount of $200,000," the majority concludes the district court was "on notice" of his "intention to seek damages."  Majority opinion, pp. 3-4.  That simple conclusion imposes much upon the trial judge.  Apparently being "on notice" requires him to comb the record, supply legal theories supporting Mr. Sanders' "intention to seek damages," justify those theories under existing law and, accordingly, deny the Defendant's motion for summary judgment.  That expectation, effectively and improperly, makes the trial judge an advocate.  An example is revealing.

Mr. Sanders complains vociferously and generally about the living conditions and accommodations in the jail, but his complaints focus on alleged failure to provide timely and adequate medical care.  It is in his "affidavit" with its litany of complaints about medical care that he requests actual and punitive damages.  Since the district court disposed of the medical care issues contrary to his position, and correctly by our lights, I am hard pressed to understand how those same complaints can be construed to state a more generalized and undefined

claim for damages. In addition to medical complaints the "affidavit" states Mr. Sanders was injured in two falls: one in the drunk tank in 2000 and one in the day room in 2001. The treatment he received for those falls was within constitutional norms. Nevertheless, recognizing Mr. Sanders' need to show physical injury as a predicate to any claim of mental and emotional injury, the majority stretches to supply it stating that he asserted physical injury "when he slipped in a pool of water on the floor" and implying that the falls are somehow coupled with his allegations that a leaking toilet left a pool of "stinking water" in the "underground dungeon where [he] . . . was being held." R., doc. 1 at 3. The reasonable inference is the opposite. There is no reason to assume that the water problem in his cell had anything to do with his falls in the drunk tank or the day room; certainly he has not identified the link. The district court ought not be burdened with the task of sorting out ill defined theories from undifferentiated factual allegations and complaints.

Neither plaintiff's summary judgment motion nor the "affidavit" attached to it were effective to amend the complaint. Neither document contains language that could be construed to request leave to amend the complaint to add a claim for damages. Rather, in each document, plaintiff asserts claims for damages that he did not raise in his complaint. Even on appeal, plaintiff does not argue that he amended the complaint or attempted to do so. Rather, he asserts that he raised his

claim for damages in the settlement conference. There is nothing in the record to confirm this assertion.

"Although we construe [plaintiff's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Under Fed. R. Civ. P. 7(b)(1) and 15(a), plaintiff was obligated to seek leave to amend his complaint, if he wished to add claims for damages, supply relevant factual allegations and identify a sound legal basis (but without the precision expected of an attorney) justifying the relief sought. For the sake of clarity and regularity in the proceedings and despite the fact that plaintiff is pro se, we may not read into his summary judgment pleadings a request for leave to amend his complaint and we ought not consider his improper "affidavit." *See* Grayson v. Mayview State Hosp., 293 F.3d 103, 109 n.9 (3d Cir. 2002). Because he did not amend, either explicitly or by reasonable inference, he does not have a claim for either compensatory or punitive damages, and none of his claims survive the district court's grant of summary judgment to defendant.