**Larry W. TOMLIN, Petitioner,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF CORRECTIONS, Respondent.**

**No. 0–90–1052.**

Court of Criminal Appeals of Oklahoma.

April 19, 1991.

Motion to Publish Granted
June 17, 1991.

## ORDER GRANTING WRIT OF MANDAMUS

The Petitioner filed an application for writ of mandamus asking this Court to assume jurisdiction and order the Oklahoma Department of Corrections to award him emergency time credits (hereinafter "CAP credits") pursuant to the Oklahoma Prison Overcrowding Emergency Powers Act (hereinafter the "CAP Law"). 57 O.S. Supp.1984, §§ 570–576. This Court requested that the State, by and through the Attorney General for the State of Oklahoma, respond to one of the issues raised by Petitioner. The Attorney General has filed a response in behalf of the State and Petitioner has filed a reply to said response.

Petitioner claims he is currently serving two sentences ordered to run concurrently. One is a sentence of four (4) years imprisonment for the crime of Use of a Firearm While Committing a Felony, 21 O.S.Supp. 1982, § 1287, which is considered a violent offense under the CAP Law. *See* 57 O.S. Supp.1984, § 571(5)(dd). The other is a sentence of ten (10) years for Trafficking in Illegal Drugs, 63 O.S.Supp.1987, § 2–415, which is considered a nonviolent offense under the CAP Law. *See* 57 O.S.Supp. 1984, §§ 570–576. Petitioner claims he is

being denied CAP credits on his ten (10) year sentence for a nonviolent offense because he is also incarcerated for four (4) years on a violent offense.

Appellant contends he should be allowed to earn CAP credits from the beginning of the sentence for his nonviolent offense regardless of the fact he is concurrently serving a sentence for a violent offense. The State contends that a literal reading of the CAP Law, and Department of Correction policies adopted therefrom, requires that where an inmate is incarcerated due to a CAP ineligible offense, such inmate is not eligible for CAP credits on any sentence he or she is concurrently serving. We are compelled to agree with Appellant.

57 O.S.Supp.1984, § 573, is the dispositive section concerning eligibility for CAP credits. It provides:

"On the effective date of such an emergency, the Director shall grant sixty (60) days of emergency time credit to any person confined in the prison system who is:

1. Classified as medium security or any lower security level;

2. Incarcerated for a nonviolent offense; and

3. Not incarcerated for a second or subsequent offense under the provisions of Section 51 of Title 21 of the Oklahoma Statutes."

Contrary to the State's contentions, a literal reading of section 573 does not preclude the granting of CAP credits when a person is serving a concurrent sentence for a CAP ineligible (violent) offense. Section 573(2) clearly provides that CAP credits *shall* be granted to any person who is incarcerated for a nonviolent offense. Appellant is incarcerated for a nonviolent offense, therefore, we find that he cannot be precluded from earning CAP credits on his sentence for the nonviolent offense simply because he is also serving a concurrent sentence for a violent offense.

We find that mandamus is appropriate in this proceeding. In accordance with our analysis of section 573 above, Appel-

lant clearly meets the legal requirement of being incarcerated for a nonviolent offense, the Department of Corrections has a plain legal duty to find that Appellant is incarcerated for a nonviolent offense, and mandamus is an adequate remedy to require the Department of Corrections to perform its legal duty. *See Woolen v. Coffman,* 676 P.2d 1375, 1376–77 (Okl.Cr.1984). It might be argued that post-conviction relief is an adequate alternative remedy for Appellant. However, his pro se application for writ of mandamus could be considered as an application for post-conviction relief and the same relief granted. *See Owens v. Osage County Sheriff's Office,* 531 P.2d 1063 (Okl.Cr.1975) (post-conviction application treated as petition for mandamus). We also distinguish the issue of CAP credits from the issue of earned time credits because the award of earned time credits is based upon the Department of Corrections' assessment of an inmate's compliance with guidelines and is thus discretionary. *See e.g. Ekstrand v. State,* 791 P.2d 92 (Okl.Cr. 1990).

IT IS THEREFORE THE ORDER OF THIS COURT that the Department of Corrections has a legal duty to find that Appellant is a person incarcerated for a nonviolent offense pursuant to 57 O.S.Supp.1984, § 573(2), regardless of other concurrent sentences, that original jurisdiction of this matter should be accepted and that Appellant's petition for writ of mandamus should be, and is hereby, GRANTED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE, Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge, Specially Concur
/s/ Tom Brett
TOM BRETT, Judge
/s/ Ed Parks
ED PARKS, Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

LUMPKIN, Vice Presiding Judge, specially concurring.

I concur in the Court's decision in this case and write to address the fact that the Legislature did not make any special provision in the Oklahoma Prison Overcrowding Emergency Powers Act for sentences ordered to be served concurrently. Webster's II, New Riverside University Dictionary defines "concurrent" as, "1. occurring at the same time. 2. operating in conjunction". The effect of ordering sentences to run "concurrent" is to order that the separate sentences are being served at the same time. This does not merge the sentences or tack on the restrictions of one sentence to a separate sentence to which the restrictions do not apply. If the Department of Corrections policy were adopted it would in effect nullify the concurrent nature of the sentence ordered for the nonviolent offense and impose upon it characteristics of a consecutive sentence since that sentence was not credited with any reductions ordered for other nonviolent sentences during the period it was served concurrently with a conviction for a violent offense. A reading of the plain language of the Statute requires that each sentence be addressed separately. Only sentences for the offenses listed in 57 O.S.Supp.1984, § 571(5), are denied credits under the Act, therefore Petitioner shall be granted emergency time credit if he meets the three criteria set forth in Section 573 and a declaration of emergency is declared pursuant to Section 572.

## ORDER GRANTING MOTION TO PUBLISH

Petitioner has filed a motion requesting this Court to publish the order entitled *Order Granting Writ of Mandamus* handed down in the above-styled matter on the 19th of April, 1991, and subsequently corrected to include Judge Lumpkin's specially concurring opinion. We find that the motion should be, and is hereby, GRANTED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE, Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge
/s/ Tom Brett
TOM BRETT, Judge

/s/ Ed Parks
ED PARKS, Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge