989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nelson L. STUBBLEFIELD, Petitioner-Appellant,
v.
Harold HENSON; Attorney General for the State of Colorado,
Respondents-Appellees.
 No. 92-1045.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant was sentenced to life imprisonment in Colorado for burglary, sexual assault, and murder. After exhausting his state court remedies, he filed a petition for habeas corpus, in forma pauperis, with the United States District Court for the District of Colorado, seeking review of two evidentiary rulings and the overall sufficiency of the evidence supporting his convictions. A magistrate judge recommended that the district court dismiss the petition, and the district court, after conducting a de novo review, agreed.
 
 
 3
 On appeal, Appellant does not contest the correctness of the district court's finding that he did not allege a cognizable constitutional claim. Rather, he presents the innovative argument that the district court should have dismissed his petition without prejudice to re-file. We cannot agree.
 
 
 4
 * First, Appellant argues that the district court erred in "summar[ily] dismiss[ing] his petition with prejudice," which, he claims, "serve[s] to prevent meaningful federal review of a state criminal trial court conviction for errors of a constitutional magnitude." (Appellant Opening Br. at 11.) He cites numerous cases that make clear how rarely a district court should summarily dismiss an action.
 
 
 5
 Appellant's citations, while correct, are not on point. They concern situations where the district court has summarily dismissed a proceeding in forma pauperis under 28 U.S.C. § 1915(d) (1988). The dismissal in this action was anything but summary. The magistrate ordered the state to show cause why a writ of habeas corpus should not issue, and then ordered the state to provide the record of the prior trial. After the state replied with a detailed brief, the magistrate issued a lengthy report, and Appellant was given two opportunities to present objections to that report. Finally, the court conducted a de novo review of the magistrate's suggestions, and only then dismissed the action. Consequently, this was a dismissal after full consideration of the merits, not a summary dismissal of the petition under § 1915(d) as frivolous or malicious.
 
 
 6
 Appellant also cites Phillips v. Murphy, 796 F.2d 1303, 1304 (10th Cir.1986), for the proposition that allegations can only be dismissed if they are "conclusory" or "wholly incredible." This also is not on point. Phillips concerned situations where the district court is justified in not holding a hearing on disputed facts. In this case, however, Appellant presented only questions of law. There were no facts, such as allegations of police intimidation or breached plea agreements, in dispute in this case.
 
 II
 
 7
 Appellant next argues generally that because he is a pro se litigant, the trial court erred in dismissing his petition with prejudice without giving him an opportunity to re-file to cure the deficiencies in his allegations. He cites Reynoldson v. Shillinger, 907 F.2d 124 (10th Cir.1990), for the proposition that "[p]articularly when deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." Id. at 126.
 
 
 8
 Again, Reynoldson is not on point. That case involved a potentially curable defect in the plaintiff's allegations of standing. In this case, the case was not dismissed on the basis of any "special pleading requirements," it was dismissed on the merits. Further, unlike the situation in Reynoldson, there is no basis for concluding that Appellant would be readily able to bring new constitutional claims in a subsequent petition. Appellant has already cited in his first petition every error presented to the state courts on direct review, except a minor state sentencing matter.
 
 
 9
 We remain sensitive to the confusion that a pro se prisoner may face in attempting to write a habeas petition. The Supreme Court has noted that ineffective assistance of counsel can justify allowing a second writ of habeas corpus, McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986), which presumably would give pro se petitioners some leeway. However, in asking for a rule of law that would require district courts to dismiss all pro se habeas petitions with leave to re-file, Appellant is seeking to eliminate all pretense of finality in habeas corpus jurisprudence. This we are unwilling to do.
 
 III
 
 10
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3