**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND DAVIS,

       Petitioner-Appellant,

v.

RONALD WARD, Director, Oklahoma
Department of Corrections; SAM
CALBONE, Warden, Great Plains
Correctional Facility,

       Respondents-Appellees.

No. 03-6034
(D.C. No. CIV-02-569-W)
(W. D. Okla.)

**ORDER AND JUDGMENT** *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Raymond Davis, acting pro se, appeals the district court's decision denying him habeas relief, *see* 28 U.S.C. § 2241, from a prison misconduct conviction. Davis alleged that the prison disciplinary proceedings underlying the misconduct conviction did not comport with due process.[1] The district court held, instead, that these proceedings did not implicate any liberty interest requiring due-process protections, and denied relief. We review that decision *de novo*. *See, e.g, Conkle v. Potter*, 352 F.3d 1333, 1335 & n.3 (10th Cir. 2003) (treating ambiguous district court order dismissing complaint as one under Fed. R. Civ. P. 12(b)(6)). Liberally construing Davis' pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we affirm.

Initially, though, we note that the district court made two additional rulings. First, the court dismissed Sam Calbone, the warden employed by the private corporation operating the prison where Davis is incarcerated. Davis does not specifically challenge that dismissal on appeal.

Secondly, the district court considered, but did not resolve, the Director's argument that Davis failed to exhaust his state-court remedies. We need not address that exhaustion issue, either, because we can still deny habeas relief,

---

[1] This court previously granted Davis a certificate of appealability (COA), but only as to his due-process claims. *See* 28 U.S.C. § 2253(c); *see also Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding state prisoner must obtain COA to appeal from decision denying 28 U.S.C. § 2241 relief). We deny COA on his remaining claims.

"notwithstanding the failure of the applicant to exhaust the remedies available in" State court. 28 U.S.C. § 2254(b)(2); *see also Montez*, 208 F.3d at 866 (following § 2254(b)(2) in § 2241 proceedings).

The dispositive issue presented here, then, is whether Davis' misconduct conviction implicated a liberty interest protected by due process. States may, under certain circumstances, create such liberty interests. [2] *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Those interests, however, "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or "inevitably affect[] the duration of his sentence." *Id.* at 484, 487. Here, however, the prison disciplinary hearing did not implicate any such liberty interest.

Although the prison hearing officer, as a result of the misconduct conviction, ordered Davis to serve thirty days in disciplinary segregation and forfeit 180 earned credits, the hearing officer suspended both punishments. And the time during which prison officials could reinstate those sanctions has expired. These punishments, therefore, did not implicate any liberty interest.

---

[2] In addition, the Due Process Clause itself protects against restraint that exceeds the sentence already imposed. *See Sandin v. Conner*, 515 U.S. 472, 481, 479 n.4, 480 (1995). Davis, however, does not allege such a deprivation. *See generally Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 808 (10th Cir. 1999) (noting "[t]he Due Process Clause standing alone offers prisoners only a narrow range of protected liberty interests.") (quotation omitted).

Davis further contends, however, that, as a result of the misconduct charge, prison officials also reclassified him from level four to level one, thus diminishing his opportunity to receive future earned credits. *See generally* Okla. Stat. tit. 57, § 138 (Supp. 2004) (explaining Oklahoma's system for awarding inmates earned credits). Nonetheless, Davis' misconduct conviction did not "*inevitably* affect the duration of [Davis'] sentence." *Sandin*, 515 U.S. at 487 (emphasis added).

Although Oklahoma law requires prison officials to award earned credits to each inmate, based upon their classification level, *see* Okla. Stat. tit. 57, § 138(A), prison officials retain the discretion to assign and reassign inmates to a particular class level, after considering a number of different factors, *see id.* § 138(D); *see also Canady v. Reynolds*, 880 P.2d 391, 397 (Okla. Crim. App. 1994) (noting "granting or revoking credits must of necessity involve some discretion; *e.g.*, determining how many and what type of infractions result in a change of status which could affect the number of credits earned"); *Tomlin v. State ex rel. Dep't of Corr.*, 814 P.2d 154, 156 (Okla. Crim. App. 1991) (noting "the award of earned time credits is based upon the Department of Corrections' assessment of an inmate's compliance with guidelines and is thus discretionary"). *Cf. Sandin*, 515 U.S. at 487 (holding Hawaiian prison regulation did not create protected liberty interest where that regulation did not *require* parole board to

grant or deny parole based on misconduct record, but rather made board's parol decision discretionary, after it had considered number of factors); *Templeman v. Gunter*, 16 F.3d 367, 369-70 (10th Cir. 1994) (holding that Colorado inmate was not entitled to earned time credits, which were otherwise mandatory, because he was not eligible for those credits while in administrative segregation and prison officials retained discretion to place inmate in segregation); *Twyman v. Crisp*, 584 F.2d 352, 356-57 (10th Cir. 1978) (holding earlier version of Okla. Stat. tit. 57, § 138, providing that inmates who worked would earn work credits, did not entitle inmates to prison job).

Further, "[a]t least once every four (4) months the adjustment review committee for each inmate shall evaluate the class level status and performance of the inmate and determine whether or not the class level for the inmate should be changed." Okla. Stat. tit. 57, § 138(F); *see also id.*, § 138(D) (addressing factors relevant in determining inmate's class level). And much of the committee's periodic reassessment is based upon subjective criteria, providing for ranking inmates on a scale ranging from poor to outstanding. *See id.* § 138(D)(1), (4). Contrary to Davis' assertion, therefore, the Oklahoma statutory scheme addressing earned credits did not *entitle* him to remain at a specific class level, absent a misconduct conviction. "Therefore, the defendant[] ha[s] not deprived [Davis] of any earned time credit to which he is *entitled*." *Templeman*, 16 F.3d at 370

(emphasis added); *cf. Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (holding inmate had no due process interest in opportunity to earn good time credits); *Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995) (holding loss of opportunity to earn good time credits, which *might* lead to earlier parole, does not implicate liberty interest because granting parole rests on many considerations); *cf. Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 & n.2 (5th Cir. 1995) (losing opportunity to earn good-time credits automatically, while still having opportunity to earn them upon prison staff's recommendation, did not implicate liberty interest).

Therefore, despite his prison misconduct conviction, Davis has suffered no deprivation implicating any protected liberty interest. We, thus, need not consider whether those proceedings comported with due process. *See, e.g., Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996).

The judgment of the district court, denying Davis § 2241 relief is, therefore, AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael W. McConnell
Circuit Judge