FILED
United States Court of Appeals
Tenth Circuit

**March 20, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN PARKER,

      Petitioner - Appellant,

v.

JANE STANDIFIRD, Warden,

      Respondent - Appellee.

No. 11-6312

W.D. Oklahoma

(D.C. No. 5:10-CV-01395-D)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.


Alvin Parker, an Oklahoma state prisoner serving a 199-year sentence for

second degree murder, filed an application for a writ of habeas corpus pursuant to

28 U.S.C. § 2241 on December 29, 2010.  In the application, Parker alleged the

Oklahoma Pardon and Parole Board's ("OPPB") decision to deny him parole

violated his Fourteenth Amendment equal protection rights.  After a federal

magistrate judge recommended denying Respondent's motion to dismiss the

application, both Respondent and Parker filed timely written objections.  The

district court granted Respondent's motion, concluding Parker failed to state a cognizable equal protection claim.[1]

Parker now seeks a certificate of appealability ("COA") to enable him to appeal the district court's denial of his § 2241 application. *See* 28 U.S.C. § 2253(c)(1)(A). This court will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). To satisfy this standard, Parker must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that

---

[1] As part of its analysis, the district court concluded Parker's allegations were not sufficient to state a "class-of-one" equal protection claim because he failed to allege facts establishing he was similarly situated in all material respects to the paroled inmates to whom he compared himself. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011); *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1212-13 (10th Cir. 2006). In his appellate brief, Parker presents two clearly contradictory arguments. First, he argues the district court erred by applying the class-of-one analysis to his equal protection claim because that theory is no longer viable in the parole context. *Cf. Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603 (2008) (holding class-of-one equal protection claim is not cognizable in the public employment context because "some forms of state action . . . by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments"). Parker, however, also argues the district court abused its discretion by not permitting him to amend his habeas application to add factual allegations that support a class-of-one claim. In light of Parker's position that the class-of-one theory is not available to him, he has effectively conceded that amendment could not cure the class-of-one shortcomings with his § 2241 application and thus the district court did not abuse its discretion by failing to permit him to amend it. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) ("A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (quotation omitted)).

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In his appellate brief, Parker argues the district court erroneously concluded he failed to identify the characteristic(s) upon which the alleged differential treatment was based. Parker asserts his § 2241 habeas application fairly presents a claim that he was treated differently than paroled inmates convicted of murder whose victims were not police officers. Because Parker does not claim to be a member of a suspect class, he cannot prevail on his equal protection claim unless he ultimately proves that "the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose." *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). Parker has alleged no facts that, if true, would entitle him to relief on his equal protection claim. His sole support for the claim is the conclusory statement in his habeas application that "there is no rational relation between the dissimilar treatment and any legitimate penal interest." This is a conclusion of law, unsupported by any factual allegations and thus not entitled to a presumption of truth. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1219 (10th Cir. 2011). Parker's allegation that he has been incarcerated longer than inmates convicted of first degree murder, even if true, provides no factual support for the legal basis of his equal protection claim, *i.e.*, that any difference in treatment is not related to a legitimate penological purpose but is, instead, the result of unlawful

discrimination. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009); *Templeman*, 16 F.3d at 371.

This court has reviewed Parker's application for a COA and appellate brief, the district court's order, the magistrate judge's report and recommendation, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Parker is not entitled to a COA. The district court's resolution of Parker's equal protection claim is not reasonably subject to debate and the claim is not adequate to deserve further proceedings. Accordingly, Parker is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Parker's request for a COA and **dismisses** this appeal. Parker's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge