**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARL STANLEY FLEMING,

Plaintiff-Appellant,

v.

MEL COULTER, Captain, Central
Utah Correctional Facility; DARWIN
JOHNSON, Corrections Officer,
Central Utah Correctional Facility;
TROY KENNEDY, Corrections
Officer, Central Utah Correctional
Facility; RANDELL MCCONNELL;
CLAYTON JAMES; GEORGE LNU,
Caseworker; MIKE OTTO, Contract
Attorney; ANNA CARLSON, Property
Officer,

Defendants-Appellees.

No. 12-4184
(D.C. No. 2:09-CV-01038-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has decided unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Pro se[1] state prison inmate Carl Fleming appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil-rights complaint and denial of his motion for appointed counsel. The district court granted Defendants-Appellees' motion for judgment on the pleadings and denied Mr. Fleming's multiple motions for appointment of counsel. For the reasons stated below, the district court's judgment is **affirmed**, and Mr. Fleming's motion for leave to proceed *in forma pauperis* ("IFP") is **denied**.

## I

Mr. Fleming, an inmate in Utah State Prison, filed a civil-rights complaint against various prison officials and a prison contract attorney in 2009. Mr. Fleming alleged that various defendants: (1) used excessive force by kicking a control-room window against which Mr. Fleming was pressing his face; (2) denied him access to the courts by confiscating or losing his post-conviction-relief legal materials; and (3) retaliated against him for threatening to file grievances by treating him roughly, searching his cell, confiscating his papers, falsifying documents, and persistently placing him on lockdown.

Mr. Fleming then filed a motion styled "Motion for Leave to File

---

[1] Because Mr. Fleming proceeds pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Amendment to Civil Rights Complaint." R., Vol. I, at 97 (Mot., filed Mar. 22, 2010). Mr. Fleming "request[ed] that he be allowed to amend his civil rights complaint and add [members of] the Utah Department of Corrections medical staff . . . for deliberate indifference, retaliation, cruel and unusual punishment and being treated with unnecessary rigor for the unwanton infliction of pain." *Id.* at 99 (capitalization altered). This motion was filed during the period when "[a] party may amend its pleading . . . as a matter of course," Fed. R. Civ. P. 15(a)(1), and, specifically, before any Defendants were served.

The day Mr. Fleming filed his motion for leave to amend his complaint, the district court dismissed his claims against four defendants sua sponte. It let the remaining Defendants-Appellees ("Defendants") file a *Martinez* report[2] along with any summary-judgment motions. Defendants submitted a *Martinez* report with exhibits that the district court permitted to be filed under seal. Mr. Fleming objected to the sealing of those exhibits because he claimed this denied him access to them. Defendants then informed the district court that they had sent Mr. Fleming the sealed documents, rendering his sealing objection moot.

Defendants filed motions to dismiss Mr. Fleming's complaint for failure to state a claim, and a motion for judgment on the pleadings. In response to the

---

[2] *See Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (per curiam) (approving district court's practice of ordering preparation of prison-administration report for inclusion in record of a prisoner's suit alleging constitutional violations by prison officials).

3

motions, Mr. Fleming did not request leave to amend his complaint. Rather, he responded on the merits. The district court granted both motions.

During these proceedings, Mr. Fleming filed numerous requests for appointment of counsel; the district court denied them all. The court entered final judgment on September 24, 2012. Mr. Fleming filed a timely appeal.

## II

On appeal, Mr. Fleming raises three claims. Specifically, he alleges that the district court erred: (1) by not ordering him to amend his complaint; (2) by sealing the *Martinez* report exhibits; and (3) by denying him appointed counsel.[3] Mr. Fleming also seeks to proceed IFP on appeal. We address these substantive claims in turn and also his request for IFP status. We conclude that Mr. Fleming is entitled to no relief on his claims and deny him IFP status.

## A

Mr. Fleming first argues that the court committed reversible error by not ordering him to amend his complaint prior to dismissing his case for failure to

---

[3] Mr. Fleming also attempts to present for the first time in his reply brief additional arguments. For example, Mr. Fleming contends that: (i) "the district court erred by not accepting his factual allegations and giving credibility to his evidence," Aplt. Reply Br. at 2; and (ii) the court "failed to properly outline its ruling" for two defendants that the district court dismissed by "not enter[ing] a final judgment and order" for them, *id.* at 3. We decline to address these arguments. *See, e.g.*, *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1159 n.8 (10th Cir. 2013) ("But we will not address this argument because it was not raised in Med-Systems' opening brief, thereby depriving Water Pik of an opportunity to respond.").

state a claim. Considering Mr. Fleming's twenty-two-page complaint with thirty-eight pages of exhibits, the district court concluded that letting Mr. Fleming amend would have been an exercise in futility.

Ordinarily, we review de novo challenges to a district court's decision to grant motions to dismiss or motions for judgment on the pleadings. *See, e.g.*, *Soc'y of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1240–41 (10th Cir. 2005) ("A decision by the district court granting a defense motion for judgment on the pleadings is reviewed de novo, using the same standard of review applicable to a Rule 12(b)(6) motion." (quoting *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004)) (internal quotation marks omitted)). However, as Defendants correctly point out, Mr. Fleming did not request leave to amend (formally or informally) *after* they filed their motions.[4] Mr. Fleming,

---

[4] In his reply brief, Mr. Fleming alleged that Defendants misrepresented the record because he did attempt to amend his complaint. Defendants responded with a motion for leave to file a surreply with their surreply attached. Their surreply asserts that Mr. Fleming filed his motion to amend during a period when leave of the court was not necessary and, more importantly, the motion was not relevant to his appeal from the district court's ruling granting their dispositive motions because he sought to amend *before* they responded to his complaint, and his motion to amend would not have cured the deficiencies in his complaint identified in their motions and targeted by the district court's rulings. The motion merely sought to add new allegations against new defendants for purported inadequate medical care. Mr. Fleming filed an objection to Defendants' motion to file a surreply, contending that Defendants' motion should be denied. In the context of his objection, however, Mr. Fleming admitted that he never sought leave to amend after his *initial* motion (that is, the one filed before the motions to dismiss); he said that he was waiting for the court

(continued...)

therefore, is entitled to no more than plain-error review. *See, e.g.*, *United States v. Battles*, 745 F.3d 436, 445 n.9 (10th Cir.) ("Ordinarily, when a defendant forfeits a claim by failing to raise it before the district court, we apply plain-error review."), *pet. for cert. filed*, 82 U.S.L.W. 3663 (U.S. Apr. 28, 2014) (No. 13-1309). And, because Mr. Fleming does not explain why he is entitled to relief under the plain-error standard, we are free to decline to reach his claim altogether. However, Defendants only allude to this possibility (i.e., declination of review), but do not press us to adopt it, and, because we conclude that Mr. Fleming's claim lacks merit in any event, we "elect to consider" it, but "only under the demanding plain-error standard." *Abernathy v. Wandes*, 713 F.3d 538, 552 (10th Cir. 2013), *cert. denied*, --- U.S. ----, 134 S. Ct. 1874 (2014).

The elements of the plain-error standard are well-settled. *See, e.g.*, *United States v. Rosales-Miranda*, --- F.3d ----, 2014 WL 3033419, at *3 (10th Cir. 2014). They require no explication here, because we conclude that the district court did not err in declining to order Mr. Fleming to amend his complaint, much less plainly (i.e., clearly or obviously) err.

Complaints drafted by pro se litigants like Mr. Fleming are not insulated

---

[4](...continued)
to act on that motion. Exercising our discretion, we **grant** Defendants' motion to file their surreply brief because the surreply (as well as Mr. Fleming's response) is helpful in clarifying the question of whether Mr. Fleming forfeited his amendment claim, and because Mr. Fleming fails to offer a meritorious argument for denying the motion.

from the rule that dismissal with prejudice is proper for failure to state a claim when "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Although Mr. Fleming faults the district court for not allowing him to amend, he does not challenge the district court's conclusion that his complaint failed to state a legally cognizable claim, and he likewise does not explain how he would have rectified the identified deficiencies in his complaint through amendment.

Further, courts have no obligation to permit a pleading amendment when a litigant does not file a formal motion for leave to amend. *See, e.g.*, *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Mr. Fleming did not give "adequate notice to the district court and to the opposing party of the basis of the proposed amendment" or how the "proposed amendment would cure the [pleading] deficiencies." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (internal quotation marks omitted). Given these circumstances, the district court need not have "recognize[d], let alone grant[ed], a motion to amend." *Id.*

Mr. Fleming still insists that he should have been permitted to amend because of purported shortcomings of the prison contract attorneys that he consulted. But Mr. Fleming does not link any purported failings of these attorneys to any colorable errors by the district court.

7

Mr. Fleming also misguidedly claims the district court was obliged to sua sponte evaluate the sufficiency of his complaint and, if it "determine[d] it was . . . deficient," order him to amend it. Aplt. Opening Br. at 10. But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *[Kenneth] Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In particular, district courts are not required to "read the minds of litigants to determine if information justifying an amendment exists." *Calderon*, 181 F.3d at 1187 (internal quotation marks omitted). Defendants' dispositive motions gave Mr. Fleming notice of possible defects in his complaint, and he had an opportunity thereafter to seek leave to amend, but did not avail himself of it. *See [Kenneth] Hall*, 935 F.2d at 1109–10; *see also Neitzke v. Williams*, 490 U.S. 319, 329–30 (1989) (observing that motions to dismiss "alert [a plaintiff] . . . and enable him . . . to conform with the requirements of a valid legal cause of action").

In short, on this record, we conclude that Mr. Fleming has not demonstrated error, much less plain error. Accordingly, we reject his first claim.

**B**

Mr. Fleming's second claim is that the district court improperly sealed the *Martinez* report exhibits. Mr. Fleming objected to the sealing of the exhibits and insisted on viewing the documents. Defendants then notified the court that they had sent Mr. Fleming the sealed documents.

8

Mr. Fleming claims he did not receive the sealed exhibits, which prevented him from "properly reply[ing] to a defense filed by the Appellees." Aplt. Opening Br. at 12. However, Mr. Fleming's suggestion of prejudice rings hollow: Mr. Fleming does not dispute Defendants' assertion that he never voiced a grievance about the lack of access to the *Martinez* report exhibits in responding to their dispositive motions (and we find no evidence of such a grievance) and, more importantly, the court neither referred to nor relied on any sealed *Martinez* report exhibits in granting Defendants' motions to dismiss.

The court drew only from Mr. Fleming's complaint and its exhibits. And Mr. Fleming certainly had access to his own complaint and its accompanying exhibits, as well as Defendants' dispositive motions. The sealed documents were thus irrelevant to the district court's dismissal of his complaint—the action that has prompted Mr. Fleming's appeal. In other words, whether Mr. Fleming actually had an opportunity to review the sealed exhibits—and Defendants do not attempt to establish that he did—is irrelevant. And, even if the record revealed that the district court erred in sealing them (a matter as to which we do not opine), any such error would have been harmless. Thus, Mr. Fleming does not succeed on this claim.

## C

Mr. Fleming claims the court abused its discretion by not appointing him counsel. But "[o]nly in those extreme cases where the lack of counsel results in

fundamental unfairness will the district court's decision be overturned." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted). Mr. Fleming's case is not extreme.

Mr. Fleming was obliged "to convince the court that there [was] sufficient merit to his claim[s] to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill*, 393 F.3d at 1115) (internal quotation marks omitted). "It is not enough" that having appointed counsel would have helped him to present "his strongest possible case, [as] the same could be said in any case." *Id.* (alteration in original) (internal quotation marks omitted).

The district court carefully considered Mr. Fleming's multiple requests for counsel and properly concluded that the "factual issues raised here are not especially complex and Plaintiff has clearly demonstrated that he is capable of adequately representing himself in this matter." R., Vol. II, at 39 (Mem. Decision & Order, filed Mar. 14, 2011).

Mr. Fleming says he needed appointed counsel because the district court sealed the *Martinez* report exhibits. Aplt. Opening Br. at 13–14. As we have indicated *supra*, however, the *Martinez* exhibits were not pertinent to whether Mr. Fleming pleaded legally cognizable claims for relief. He also says that the issues required an attorney's deposition and discovery skills. But the most germane question confronting the district court at the motion-to-dismiss phase was not whether counsel was needed to conduct discovery and a trial on Mr. Fleming's

behalf, but whether it was "fundamental[ly] unfair[]" to expect Mr. Fleming to make appropriate allegations in his complaint without assistance of counsel. *Steffey*, 461 F.3d at 1223 (internal quotation marks omitted). The court permissibly exercised its discretion in concluding that it was not fundamentally unfair.

The three claims Mr. Fleming alleged are not complicated: prison guards were needlessly rough with him, prison officials lost some of his legal materials, and the officials retaliated when he filed grievances. And he managed to craft a twenty-two-page complaint supported by thirty-eight pages of exhibits. The district court accepted his allegations as true and construed his pro se pleadings liberally. Mr. Fleming's complaint and other filings show that he understood the nature of the claims that he alleged. His complaint was dismissed not because its averments were materially insufficient because they were not prepared by counsel but, rather, because the facts reflected in those averments demonstrated that Mr. Fleming could not assert legally viable claims.

We conclude on this record that the district court did not abuse its discretion in denying Mr. Fleming appointed counsel. Accordingly, Mr. Fleming's third challenge on appeal fails.

**D**

Mr. Fleming fails to offer "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d

11

624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted).  Thus, his motion for IFP status is denied.

## III

For the above reasons, we **AFFIRM** the district court's judgment and **DENY** Mr. Fleming's motion to proceed IFP.  Mr. Fleming is directed to make full and immediate payment of the balance of his appellate filing fees.

Entered for the Court

JEROME A. HOLMES
Circuit Judge