Alvin PARKER, Petitioner–Appellant,

v.

Janet DOWLING, Warden,
Respondent—
Appellee.

No. 15–6110.

United States Court of Appeals,
Tenth Circuit.

Aug. 3, 2015.

Alvin Parker, Hominy, OK, pro se.

Before KELLY, LUCERO, and McHUGH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY*

CAROLYN B. McHUGH, Circuit Judge.

Alvin Parker, an Oklahoma state prisoner proceeding pro se,[1] seeks a certificate of

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consis-

tent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. Because Mr. Parker is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197,

appealability (COA) to appeal the district court's dismissal of his petition for habeas relief under 28 U.S.C. § 2241. *See Montez v. McKinna,* 208 F.3d 862, 867 n. 6 (10th Cir.2000) (a state prisoner bringing § 2241 claims must obtain a COA prior to being heard on the merits of the appeal). For the reasons we explain, we deny a COA and dismiss the matter.

## I. BACKGROUND

Mr. Parker is currently serving a 199–year sentence stemming from a 1990 second-degree murder conviction. The Oklahoma Parole Board (the Board) denied Mr. Parker parole in 2013.[2] During Mr. Parker's period of incarceration, he has filed multiple requests for relief in both the Oklahoma state and federal court systems, most of which have been unsuccessful. As a result of these repeated filings, the District Court of Oklahoma County has sanctioned him, the Oklahoma Court of Criminal Appeals (OCCA) has barred him from filing collateral pleadings, the Tenth Circuit Court of Appeals has warned him regarding his multiple filings, and the Supreme Court of the United States has admonished him for "repeatedly abus[ing] this Court's process."

In 2014, after Mr. Parker filed a fourteenth request for post-conviction relief in the State District Court of Oklahoma, the court again issued sanctions. It recognized its power under Oklahoma law to protect itself from vexatious litigation by sanctioning parties for filing frivolous or malicious claims. *See* Okla. Stat. tit. 57, § 566(C) (permitting a court to impose sanctions if "one or more of the causes of action are frivolous or malicious"). Specifically, the state court ordered Mr. Parker to pay court costs and attorney fees, ordered the Oklahoma Department of Corrections (ODOC) to temporarily revoke Mr. Parker's permission to possess any non-essential personal property, and ordered the ODOC to revoke 720 days of Mr. Parker's earned good time credits. But it suspended the revocation of the good time credits so long as Mr. Parker "ceases to pursue" "yet another collateral review" in the state court. It noted that if Mr. Parker filed another collateral attack, the court could, in its discretion, impose all or part of the suspended sanction.[3] Although the court did not expressly limit its ability to impose the sanction revoking Mr. Parker's good time credits to a circumstance in which Mr. Parker filed another "frivolous or malicious" collateral attack, that prerequisite had been previously clarified by this court. *See Parker v. Province,* 339 Fed.Appx. 850, 854 (10th Cir.2009) (unpublished opinion) (reversing the OCCA's revocation of Mr. Parker's good time credits as a sanction for filing a ninth petition for relief where the court never made a find-

---

167 L.Ed.2d 1081 (2007) (per curiam). But we will not undertake the role of advocate. *See United States v. Pinson,* 584 F.3d 972, 975 (10th Cir.2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

**2.** This was not the first time Mr. Parker had been denied parole. Rather, Mr. Parker has filed habeas actions challenging parole denials on multiple occasions. *See, e.g., Parker v. Standifird,* 469 Fed.Appx. 659 (10th Cir.2012);

*Parker v. Dinwiddie,* No. 08–6124, 2009 WL 175053 (10th Cir. Jan. 27, 2009); *Parker v. Sirmons,* 152 Fed.Appx. 705 (10th Cir.2005).

**3.** It is well established that litigants can be prevented from filing frivolous or malicious claims. *See Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) ("[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." (internal citation omitted)).

ing that the petition was frivolous or malicious and stating that "[i]f there is no basis for finding the claim frivolous or malicious, the sanctions are unwarranted, no matter how lengthy the litigation history or how unresponsive the petitioner has been to past sanctions").[4]

After the OCCA affirmed the sanction, Mr. Parker filed a petition for habeas relief in the United States District Court for the Western District of Oklahoma. In his petition, Mr. Parker contended the imposition of sanctions—particularly the threatened revocation of good time credits—was not supported by sufficient evidence and violated his right to due process. In addition, Mr. Parker challenged the Board's denial of parole on equal protection grounds. A United States Magistrate Judge considered Mr. Parker's petition and recommended it be dismissed. With respect to the equal protection claim, the judge reasoned that Mr. Parker failed to establish that the Board's different treatment of him in relation to other parolees was not reasonably related to some legitimate penological purpose. For example, the Magistrate Judge noted that the Board is required to consider the prior criminal records of inmates in ascertaining their eligibility for parole, but Mr. Parker's petition failed to detail his own criminal record or the criminal record of the other identified parolees. Likewise, Mr. Parker's petition failed to provide information regarding his or the other identified parolees' conduct records while incarcerated, although this was another factor the Board is required to consider in determining parole eligibility.

Turning to Mr. Parker's due process claim, the Magistrate Judge acknowledged that the loss of earned time credits can implicate a protected liberty interest. *See Mitchell v. Maynard,* 80 F.3d 1433, 1444–45 (10th Cir.1996). But he ultimately concluded Mr. Parker could not show there was any actual or imminent risk Mr. Parker would lose these credits because the OCCA suspended the revocation so long as he ceased to pursue collateral remedies in state court. Thus, the Magistrate Judge held that Mr. Parker failed to allege sufficient facts to establish the duration of his confinement would be prolonged as a result of the threatened revocation of good time credits as required to show a protected liberty interest. Accordingly, the Magistrate Judge recommended that the district court dismiss Mr. Parker's petition in its entirety.

The district court adopted the Magistrate Judge's reasoning and dismissed Mr. Parker's equal protection claim with prejudice and the due process claim without prejudice, subject to a future petition if the OCCA imposed the sanctions. The district court also denied Mr. Parker a COA, denied his motion for leave to proceed in forma pauperis on appeal, and entered judgment accordingly. Mr. Parker filed a motion for reconsideration of the dismissal of his petition, which the district court denied. Mr. Parker then filed a second motion to reconsider, challenging the district court's denial of a COA and of his motion to proceed in forma pauperis. In this second motion to reconsider, Mr. Parker asserted that he should be entitled to cure the deficiencies in his petition by amending it to add additional factual averments regarding his own criminal history and conduct while incarcerated. The district court denied this second motion. Mr. Parker now seeks a COA from this court to appeal these decisions.

---

**4.** Though not binding, we find unpublished decisions from this court to be persuasive. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

## II. ANALYSIS

Mr. Parker is entitled to a COA "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted). In other words, Mr. Parker must show the district court's resolution of his constitutional claims was either "debatable or wrong." *Id.* In his request for COA, Mr. Parker first argues he is entitled to a COA because the district court erred by dismissing his equal protection claim with prejudice. Second, he asserts the court erred in dismissing his due process claim. We consider, and reject, both contentions.

### A. Dismissal with Prejudice of Mr. Parker's Equal Protection Claim

We turn first to Mr. Parker's argument regarding the dismissal with prejudice of his equal protection claim. According to Mr. Parker, rather than dismiss the claim with prejudice, the district court should have given him an opportunity to amend his petition to include additional factual allegations supporting his claim that he was treated differently from other similarly-situated parolees. In making this argument, Mr. Parker does not challenge the correctness of the court's resolution of his

equal protection claim on the merits. Instead, he cites *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir.1990), for the position that because he is a pro se litigant, the court should have permitted him to amend to cure any defects in his petition. We are not persuaded.

A petition for writ of habeas corpus filed pursuant to § 2241 may be amended or supplemented as provided by Federal Rule of Civil Procedure 15. *See* 28 U.S.C. § 2242; *Mayle v. Felix*, 545 U.S. 644, 656, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) (recognizing the applicability of Rule 15 to habeas petitions). Where, as here, a petitioner wishes to amend his petition after judgment is entered, Rule 15 permits amendment only with the opposing party's written consent or the court's leave.[5] *See* Fed.R.Civ.P. 15; *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985). Although a district court should freely grant leave to amend when justice so requires, it is under no obligation to permit a petitioner to amend his petition where amendment would be futile. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir.2007). "A proposed amendment is futile if the [petition], as amended, would be subject to dismissal." *Id.* (internal quotation marks omitted).

Considering Mr. Parker's proposed amendments to his petition, we are convinced permitting him to amend would be an exercise in futility. Mr. Parker's second motion to reconsider and request for COA identify a number of factual allegations he claims would have been sufficient—if he had been permitted to amend his petition—to establish an equal protection violation. In particular, he now pro-

---

5. We assume for purposes of analysis that Mr. Parker's request for permission to cure any deficiencies in his petition, which was raised for the first time in his second motion to reconsider, is sufficient to present the issue to

the district court. *But see Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir.1999) (recognizing that, in general, courts need not grant leave to amend where a party fails to file a formal motion).

vides additional information regarding his own criminal history and behavior while incarcerated. But Mr. Parker still fails to identify similar information related to any specific parolees who were allegedly treated differently.[6] Thus, he has not established any factual basis that would permit the court to conclude that "the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose." *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir.1994) (rejecting an equal protection challenge to the denial of parole because the inmate's claim that there were no relevant differences between him and other inmates was "not plausible or arguable"). For this reason, Mr. Parker's amended petition would still be subject to dismissal with prejudice.[7]

Furthermore, we reject Mr. Parker's attempted reliance on *Reynoldson* to establish that the dismissal of his petition should have been without prejudice because he is a pro se litigant. Mr. Parker is correct that in *Reynoldson* we held that an inmate proceeding pro se was entitled to dismissal of his civil rights complaint without prejudice so he could amend it to cure deficiencies in his allegations regarding the inmate's standing to sue. 907 F.2d at 126. But unlike the instant case, *Reynoldson* involved a potentially curable defect in a plaintiff's allegations of standing, not a dismissal based on the failure of his proposed additional allegations, even if taken as true, to state a claim on the merits. Thus, in circumstances identical to those present here, this court rejected a petitioner's reliance on *Reynoldson* and declined to create a rule of law that would require district courts to dismiss all pro se habeas petitions with leave to re-file. *See Stubblefield v. Henson*, 989 F.2d 508, 1993 WL 55936, at *2 (10th Cir.1993) (unpublished table opinion); *see also Fleming v. Coulter*, 573 Fed.Appx. 765, 769 (10th Cir.2014) ("Complaints drafted by pro se litigants ... are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (internal quotation marks omitted)).

Accordingly, it is beyond reasonable debate that the district court correctly dismissed Mr. Parker's equal protection claim with prejudice to refiling. He is therefore not entitled to a COA to appeal this issue.

## B. Dismissal of Mr. Parker's Due Process Claim

Likewise, Mr. Parker is not entitled to a COA to appeal the district court's dismissal of his due process claim. Mr. Parker argues reasonable jurists would debate the court's determination that he has not established actual or imminent deprivation of good time credits because the sanction will "inevitably" affect the duration of his sentence. We disagree.

▉ Reasonable jurists would not debate the correctness of the district court's

---

6. We decline Mr. Parker's invitation to take judicial notice of the Board's and ODOC's records in an effort to substantiate Mr. Parker's generic assertions regarding unidentified inmates.

7. Prior to filing the instant petition, Mr. Parker was well aware of the factual averments necessary to establish a colorable equal protection claim. Indeed, when the Board denied him parole in 2009, he filed a § 2241 petition challenging the decision on equal protection grounds. After the district court dismissed the petition, he sought a COA. In denying his request for COA, this court explained the relevant standard and why Mr. Parker's factually unsupported and conclusory allegations were insufficient to demonstrate an equal protection violation. *See Parker v. Standifird*, 469 Fed.Appx. 659, 660 (10th Cir.2012) (unpublished opinion).

348

decision that Mr. Parker failed to allege the actual or imminent loss of good time credits required to challenge the sanction. Mr. Parker does not assert the ODOC has actually revoked his good time credits, and no loss may ever occur so long as Mr. Parker abstains from filing subsequent malicious or frivolous collateral attacks in state court. *Cf. Davis v. Ward*, 92 Fed. Appx. 634, 635 (10th Cir.2004) (unpublished opinion) (holding that where the time period for revocation of good time credits had expired, the sanction did not implicate a liberty interest). As a result, the revocation of good time credits is far from "inevitable." And in the absence of any indication that Mr. Parker will file another frivolous or malicious collateral attack, which will then result in a revocation of his good time credits, Mr. Parker has failed to allege sufficient facts to establish an actual or imminent deprivation of a protected liberty interest. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (holding plaintiffs lacked standing where they failed to allege "imminent" injury); *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1177 (10th Cir.2009) (holding plaintiffs lacked standing where they did not allege a credible threat of future prosecution); *Colgrove v. Collins*, 62 F.3d 391, 1995 WL 449731, at *1 (5th Cir.1995) (unpublished table opinion) (holding that an inmate lacked standing to assert a claim challenging the potential loss of good time credits under a new prison policy where the inmate merely speculated that he may be subject to a future prison disciplinary hearing, and if the prisoner behaved well, the policy may never be applied to him). For this reason, the district court was required to dismiss Mr. Parker's due process claim and Mr. Parker is not entitled to a COA to appeal this decision.

## II. CONCLUSION

For the foregoing reasons, we deny Mr. Parker a COA and dismiss the matter. We deny Mr. Parker's renewed motion to proceed in forma pauperis on appeal.